| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Vernon Victor Franklin, III<br>384 Breedens Addition Lane<br>Berkeley Springs, WV 25411 | **DEFENDANTS**<br>Credit Acceptance Corporation<br>25505 West 12 Mile Rd. - Suite 3000<br>Southfield, MI 48034 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Brian J. McAuliffe, Esq.<br>Law Office Brian J. McAuliffe<br>114 S. Maple Ave.<br>Martinsburg, WV 25401<br>(304) 596-6036 Fax: (866) 612-3639 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[✔] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[✔] Creditor  [ ] Other<br>[ ] Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)<br>Action to recover pre-petition and post petition garnished wages, damages and attorney's fees and costs. ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ **$2,500.00 together with attorney's fees.** |
| Other Relief Sought ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Vernon Victor Franklin, III | | BANKRUPTCY CASE NO.<br>16-871 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of West Virginia | DIVISION OFFICE<br>Martinsburg | NAME OF JUDGE | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brian J. McAuliffe, Esq.<br>Brian J. McAuliffe, Esq. | | | |
| DATE<br>September  9, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brian J. McAuliffe, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VERNON VICTOR FRANKLIN III, | ) | Bankruptcy Case No. 3:16-bk-00871 |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| VERNON VICTOR FRANKLIN III, | ) | |
| | ) | |
| Plaintiff-Debtor, | ) | |
| | ) | |
| vs. | ) | A. P. No. |
| | ) | |
| CREDIT ACCEPTANCE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint**

**Jurisdiction**

1. Plaintiff, Vernon Victor Franklin III (Sometimes "Plaintiff" or "Franklin") is the Debtor in the above-captioned voluntary petition under chapter 7 of title 11, United States Code. This Court therefore has jurisdiction under 28 U.S.C. §1334. This proceeding is a core proceeding.

2. This Complaint is filed by Plaintiff under 11 U.S.C. §524 to remedy violations of that section by the Defendant and pursuant to 11 U.S.C. §522(h) to set aside a transfer of the debtor's exempt property to the Defendant.

**Parties**

3. The Plaintiff, Vernon Victor Franklin III, is a natural person and a resident of Morgan County, West Virginia.

4. The Defendant is Credit Acceptance Corporation ("CAC"). CAC is a for profit corporation, with its principal place of business located in 25505 West 12 Mile Road, Suite 3000, Southfield, Michigan 48034. CAC offers automobile dealers financing programs that enable automobile dealers to sell vehicles to consumers regardless of their credit history. CAC financing is offered through a nationwide network of automobile dealers. The chairman of CAC is Donald A. Foss and the chief executive office is Brett A. Roberts.

**Factual Allegations**

5. On May 19, 2016 a Suggestee Execution was entered by the Circuit Court of Morgan County, West Virginia attaching the wages of Vernon Victor Franklin III. The Suggestee Execution arose out of a suit brought by Credit Acceptance Corporation against Vernon Victor Franklin III which resulted in a March 2, 2016 Circuit Court judgment in favor of CAC in the amount of $9,450.29.

6. Thereafter, CAC served a copy of the Suggestee Executions upon the debtor's employer, Asplundh Tree Expert Company.

7. Based upon the Suggestee Execution, the wages of Vernon Victor Franklin III were been garnished as follows:

| Date | Amount |
|---|---|
| June 16, 2016 | $118.16 |
| June 23, 2016 | $127.02 |
| June 30, 2016 | $118.16 |
| July 7, 2016 | $118.16 |
| July 14, 2016 | $82.71 |
| July 21, 2016 | $118.16 |
| July 28, 2016 | $153.61 |
| August 4, 2016 | $118.16 |
| August 11, 2016 | $153.61 |
| August 18, 2016 | $143.28 |

In all, funds taken from the wages of Vernon Victor Franklin III pre-petition are equal to $1,252.03

8.  On August 24, 2016 Plaintiff filed a Chapter 7 petition pursuant to the United States Bankruptcy Code. Defendant Credit Acceptance Corporation was listed as a creditor and received notice of the filing of the Plaintiff's Chapter 7 case. (BNC certificate of service Doc 4).

9.  Since the date of filing of the Plaintiff's Chapter 7 petition, additional wages have been withheld from the wages of the debtor as follows:

| | |
|---|---|
| August 25, 2016 | $136.12 |
| September 1, 2016 | $143.28 |
| September 8, 2016 | $143.28 |

In all, funds taken from the wages of Vernon Victor Franklin III post-petition are equal to $422.68.

10.  On August 25, 2016 counsel for the Plaintiff notified counsel for Credit Acceptance Corporation, Booth & McCarthy of the filing of the Plaintiff's Chapter 7 case by fax and by mail. A copy of the letter to Booth & McCarthy is attached. (Exhibit 1). At that time a copy of the Suggestion of Bankruptcy was provided to counsel for Defendant.

11.  On August 25, 2016 counsel for the plaintiff mailed to the office of the Clerk of Court for Morgan County, West Virginia a Suggestion of Bankruptcy.

12.  Despite notice to Defendant Credit Acceptance Corporation as set out herein, Defendant has neither returned pre-petition garnished wages nor ceased its collection activities.

## Claims For Relief

### Count 1 - Return of Funds 11 U.S.C. §547

13. Less than ninety days prior to the filing of the Plaintiff Chapter 7 case, Defendant caused to issued a garnishment of Plaintiffs' wages by Suggestee Execution. Pursuant to this garnishment, for payment of an antecedent debt, Defendant collected the sums described herein.

14. The Plaintiff could have exempted these funds in this case had they been recovered by the trustee as a preference under 11 U.S.C. §547.

15. The trustee has not attempted to avoid this transfer.

16. The aforesaid transfer to the Defendant was not voluntary nor did the debtor conceal any of the property involved.

17. The transfer to the Defendant on account of the antecedent debt to it, while the Plaintiff debtor was insolvent, enabled the Defendant to receive more than it would have received if the transfer had not been made because the Defendant would have received no dividend in the Debtor's bankruptcy case.

### Count 2 - Violation of 11 U.S.C. §362

18. Plaintiff realleges the allegations set out in paragraphs 1 through 17.

19. The actions of Credit Acceptance Corporation in failing to cease collection activity and failing to stop the garnishment of the wages of Vernon Victor Franklin III post-petition, and the actions in failing to return post-petition garnished funds are violations of 11 U.S.C. §362.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. A judgment ordering the Defendant to return all sums received in pre-petition garnished wages paid as a preference;

2. That the Defendant be ordered to direct the plaintiff's employer, Asplundh Tree Expert Co., and/or its agents, to turn over to the Plaintiff any sums withheld from the Plaintiff's wages and not turned over to the Defendant Credit Acceptance Corporation, and that Defendant Credit Acceptance Corporation be ordered to cease all collection efforts;

3. That the Defendant be ordered to account to the Plaintiff for any funds received by it from the garnished wages of the Plaintiff;

4. A judgment ordering the return of any sums garnished by the Defendant post-petition in violation of 11 U.S.C. §362;

5. Plaintiff's actual damages for violation of 11 U.S.C. §362, including, but not limited to, aggravation, stress, and loss of peace of mind;

6. A penalty for each violation of 11 U.S.C. §362, in an amount of no less than $500.00 for each violation;

7. Plaintiff's reasonable attorney's fees and costs for any violations of 11 U.S.C. §362; and

8. Such other and further relief as the Court deems just and equitable.

                                PLAINTIFF, VERNON VICTOR FRANKLIN III
                                BY COUNSEL:

/s/ Brian J. McAuliffe
Brian J. McAuliffe, Esq.
Attorney At Law
West Virginia Bar No. 6282
114 S. Maple Avenue
Martinsburg, WV 25401
Tel: (304) 596-6036
Fax: (866) 612-3693
MCALAW2000@AOL.COM

-6-