Patrick M. Flatley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VERNON V. FRANKLIN, III, | ) | Case No. 16-bk-871 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| VERNON V. FRANKLIN, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 16-ap-44 |
| | ) | |
| CREDIT ACCEPTANCE CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Both parties to this adversary proceeding seek summary judgment on the complaint filed by Vernon Franklin, III (the "Debtor"), against Credit Acceptance Corporation ("CAC"). The Debtor asserts that he's entitled to summary judgment on his complaint alleging causes of action under §§ 362(k) and 547(b) of the Bankruptcy Code because the undisputed facts show that CAC willfully violated the automatic stay when it allegedly failed to timely stop a wage garnishment by which it obtained $1,252.03 prepetition and $422.68 postpetition.

CAC contends that summary judgment in its favor is appropriate because it did not willfully violate the automatic stay as evidenced by its timely action to stop the wage garnishment and return the garnished funds to the Debtor. Likewise, it asserts that its return of the garnished funds moots the Debtor's action under § 547(b) notwithstanding its argument that the Debtor does not have standing to pursue the action.

1

For the reasons stated herein, the court will grant summary judgment to CAC.[1]

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323.  Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248.  Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23.  The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798.  However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50.  Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986).  If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

---

[1] Notably, the Debtor concedes that CAC returned to him all of the garnished funds it received from his employer.  Because the avoidance of such transfer is the only remedy provided by § 547(b), the Debtor's cause of action in that regard is moot because the court can grant no further relief to the Debtor.  Therefore, only the Debtor's action under § 362(k) remains for the court's adjudication.

## II. BACKGROUND

On March 2, 2016, CAC obtained a judgment against the Debtor in the Circuit Court of Morgan County, West Virginia (the "State Court"). On May 19, 2016, CAC obtained a Suggestee Execution, which directed the Debtor's employer to garnish his wages and pay the same to CAC through its counsel, Booth & McCarthy, at P.O. Box 4669, Bridgeport, West Virginia 26330. From that date through August 24, 2016, the date the Debtor filed for bankruptcy relief, the Debtor's employer garnished his wages and remitted monthly payments to CAC. On August 30, 2016, CAC filed a release of its Suggestee Execution and provided a copy of the same to the Debtor's employer.

Presumably because of the timing of the Debtor's bankruptcy filing and the filing of the release, the Debtor's employer continued to withhold wages on September 1 and September 8, 2016. Thereafter, the Debtor's employer stopped withholding a portion of his wages pursuant to the garnishment. The final two remittances received by CAC were both postpetition; on September 7, 2016, and October 9, 2016. On September 7, 2016, CAC received $551.17. According to CAC, and not contested by the Debtor, the $551.17, represented the funds withheld from the Debtor's paycheck during the month of August 2016, including for one post-petition pay period. Lastly, on October 9, 2016, CAC received the final remittance of $286.56 for wages garnished during the month of September 2016 before the Debtor's employer updated its payroll system to account for CAC's release of the garnishment.

Ultimately, the Debtor's employer withheld $1,251.03 prepetition and $422.68 postpetition.[2] On September 7, 2016, CAC remitted $551.17 to the Debtor. On October 9, 2016, CAC turned over to the Debtor the final remittance of $286.56 that it received from the Debtor's employer. On October 11, 2016, CAC offered to the Debtor a check in the amount of $835.98, which represented the remaining funds withheld pursuant to its garnishment of the Debtor's wages. According to CAC, it presented the payment in the hopes of amicably resolving the adversary proceeding. The Debtor, however, declined the payment in exchange for a resolution of the proceeding. By December 23, 2016, CAC returned all of the garnished wages to the Debtor via a direct deposit.

---

[2] To be clear, the Debtor asserts in paragraph 7 of his complaint and paragraph 3 of his motion for summary judgment that CAC's pre-petition garnishment totaled $1,252.03. Although immaterial, the court believes that amount to be in error based upon its addition of the several individual amounts identified in those paragraphs totaling $1,251.03.

3

## III. ANALYSIS

The Debtor asserts that he is entitled to summary judgment on his action under § 362(k) because the undisputed facts lead to the inexorable conclusion that CAC willfully violated the automatic stay. Specifically, he contends that CAC failed to timely cease collection activity against him and return the garnished wages to him after it learned of his bankruptcy case. CAC, however, contends that it acted timely to stop the garnishment and return the garnished wages to the Debtor. In support of its contention in that regard, CAC asserts that this court's decision in *Bailey v. Davant (In re Bailey)*, 428 B.R. 694 (Bankr. N.D.W. Va. 2010), which the Debtor relies on heavily, is factually distinguishable from this case such that the court's finding therein has no bearing here. The court agrees with CAC and will grant its motion for summary judgment.

As the Debtor correctly notes, the court in *In re Bailey* set forth the legal standard applicable when a creditor collects from a debtor based upon a pre-petition garnishment. Specifically, the court held that "a creditor [who] fails to stop the continuation of a pre-petition garnishment . . . willfully violates the automatic stay by failing to affirmatively act to release the garnishment." *Id*. at 698 (citation omitted). As the court noted, "the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay." *Id*. (quoting *In re Briskey*, 258 B.R. 473, 477 (Bankr. N.D. Ala. 2001)).

Here, the court believes that CAC acted promptly to release its pre-petition garnishment against the Debtor such that it did not willfully violate the automatic stay. Specifically, CAC released its garnishment against the Debtor within one week after learning of the Debtor's bankruptcy case. It filed its release with the State Court and provided a copy to the Debtor's employer. The facts of this case are thus very different from *In re Bailey*, where the garnishing creditor failed to release the garnishment against the debtor for almost three months after learning of the debtor's bankruptcy case. Although the Debtor's employer continued to garnish his wages postpetition, its delay in effectuating the release mailed by CAC cannot be imputed to CAC.[3]

The court likewise believes that CAC acted with reasonable promptness in returning the garnished funds to the Debtor. On September 7, 2016, fourteen days postpetition, CAC returned to the Debtor all of the funds withheld from his wages during the month of August, including one post-

---

[3] Moreover, the court likewise finds that the Debtor's employer promptly acted to update its payroll system, but the timing of events incidentally led to additional funds being garnished postpetition.

petition garnishment. By October 10, 2016, forty-six days after the Debtor filed for bankruptcy relief and *one day* after receiving the final remittance from the Debtor's employer, CAC returned to the Debtor all of his wages withheld postpetition, along with a portion of his wages withheld prepetition; those from August that were returned with the September 7 remittance. Notably, the Debtor was only entitled to the wages withheld postpetition based upon the operation of the automatic stay under § 362(a) of the Bankruptcy Code. Whether the Debtor was entitled to all of the garnished funds, including those legitimately withheld prepetition, is a closer question but one that the court need not address based upon CAC's ultimate return of the funds to the Debtor on December 23, 2016.[4] *See supra* note 1. In any event, because CAC promptly returned to the Debtor the wages that it garnished postpetition, the court is satisfied that CAC did not willfully violate the automatic stay in the Debtor's underlying bankruptcy case because only its failure to affirmatively release the garnishment and its failure to turnover wages garnished *postpetition* can serve as a basis for an action under § 362(k). *See In re Bailey*, 428 B.R. 698. As the court makes clear above, CAC's prompt action in that regard serves as the basis to deny relief to the Debtor.

## IV. CONCLUSION

Based upon the foregoing, the court finds it appropriate to enter summary judgment in CAC's favor. Consistent with Fed. R. Civ. P. 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order denying the Debtor's motion for summary judgment and granting CAC's motion for summary judgment.

---

[4] CAC offered the remaining garnished funds shortly thereafter in an unsuccessful effort to compromise this proceeding. After that effort was unsuccessful, CAC ultimately deposited the funds directly into the Debtor's bank account on December 23, 2016.

5